1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT FOR THE

9                EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,        )   1:09-CV-00648-AWI-GSA
                                       )
12               Plaintiff,            )   **ORDER RE CLAIMANT'S MOTION TO**
                                       )   **STAY CIVIL FORFEITURE**
13         v.                          )   **PROCEEDINGS**
                                       )
14   APPROXIMATELY $179,298.00 IN U.S. )   (Docs. 11-12)
     CURRENCY,                         )
15                                     )
                                       )
16               Defendant.            )
     _____ )

17         On June 26, 2009, Claimant CLARENCE PICKENS filed a Motion to Stay Civil

18   Forfeiture Proceedings pursuant to Title 18 of the United States Code section 981(g)(2).  Plaintiff

19   did not oppose the motion.

20                       **FACTUAL BACKGROUND**

21         On September 26, 2008, law enforcement officials conducted a search of Claimant's

22   Modesto home after receiving information from citizens in the neighborhood that marijuana was

23   being grown in the backyard.  (Doc. 1 at 2.)  A number of marijuana plants were located in the

24   backyard of the home located on Dyer Lane.  (Doc. 1 at 3.)  In the home's interior, a canine

25   alerted to a suitcase containing approximately $64,800.00 in an envelope and $40,000.00 in a

26   wooden vase.  (Doc. 1 at 3.)  In the master bedroom, a large amount of currency was found

27   bundled on a dresser in the bedroom, and $3,700.00 was found in a purse.  After his arrest,

28   Claimant stated the $18,000.00 in a safe was the result of his having won a poker tournament at

the Nugget Casino in Reno.  (Doc. 1 at 4.)  In sum, the search of the residence yielded twelve

mature marijuana plants and more than $179,000.00 in United States currency.[1]

Claimant was charged with cultivation of marijuana and possession of a controlled

substance for sale.  A criminal case is now pending against Claimant in the Stanislaus County

Superior Court, case number 1252733.  (Doc. 12 at 2.)

On April 9, 2009, Plaintiff United States of America filed a Complaint for Forfeiture *In

Rem* with this Court.  More specifically, the complaint seeks forfeit to the government the sum of

approximately $179.298.00.  (Doc. 1.)  A Warrant for Arrest of Articles *In Rem* issued on April

29, 2009.  (Doc. 5.)  On June 8, 2009, a Claim Opposing Forfeiture was filed on behalf of

Clarence Pickens.  (Doc. 6.)

On June 26, 2009, Claimant filed the instant Motion to Stay Civil Forfeiture Proceedings.

(Docs. 11 & 12.)  In a minute order dated July 15, 2009, this Court ordered that any opposition to

the instant motion must be filed no later than July 22, 2009.  (Doc. 17.)  No opposition has been

filed to date.

## DISCUSSION

Claimant asserts that the instant forfeiture proceedings are related to the now pending

criminal matter in the Stanislaus County Superior Court, and that were the instant matter to

proceed, it would burden his right against self-incrimination.

A civil forfeiture proceeding is an action *in rem*.  *See Republic Nat'l Bank of Miami v.

United States*, 506 U.S. 80, 84, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992); *United States v.

Approximately $1.67 Million*, 513 F.3d 991, 996 (9th Cir.2008).  *In rem* jurisdiction is obtained

"'by arrest under process of the court.'"  *United States v. 2,164 Watches, More or Less, Bearing

a Registered Trademark of Guess?, Inc*., 366 F.3d 767, 771 (9th Cir.2004) (quoting *Alyeska

Pipeline Serv. Co. v. The Vessel Bay Ridge*, 703 F.2d 381, 384 (9th Cir.1983)).

---

[1]Claimant's motion also references the total sum of "approximately $179,078.00" (Docs.
11 & 12 at 1-2); this figure was the sum referenced in initial asset forfeiture proceedings filed
in Stanislaus Superior Court case number 633380.  Subsequent to the filing however, Claimant was
notified that the Stanislaus County District Attorney's office would no longer be pursuing the
asset forfeiture matter.  (Docs. 11 & 12 at 2.)

Title 18 of the United States Codes section 981(g)(2) provides as follows:

(2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that--
(A) the claimant is the subject of a related criminal investigation or case;
(B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
(C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

Here, Claimant is the subject of a related criminal matter now pending before the Stanislaus County Superior Court, entitled *People v. Clarence O. Pickens*, case number 1252733.[2]  Claimant has standing to assert a claim in this proceeding, and in fact filed a claim with this Court on June 8, 2009, wherein he asserts the $179,298.00 seized is his property and was lawfully obtained. (Doc. 6.)  Claimant has moved for a stay of the proceedings, claiming "continuation of the immediate forfeiture proceeding against him will burden the right of this Claimant . . . against self-incrimination in this related criminal case." (Doc. 12 at 3.)

Finally, no opposition to the motion has been filed by the Plaintiff.  (*See* USDC-E docket.)

## CONCLUSION

For the foregoing reasons, this Court hereby **GRANTS** Claimant's Motion to Stay Civil Forfeiture Proceedings pending the outcome of the criminal matter now pending before the Stanislaus County Superior Court.

The parties shall file a status report with this Court every 180 days, commencing from the date this Order was executed, through and until the date upon which the criminal proceedings now pending in the Stanislaus County Superior Court have concluded.

IT IS SO ORDERED.

Dated: __July 28, 2009__          ___/s/ **Gary S. Austin**___
                                        UNITED STATES MAGISTRATE JUDGE

---

[2]The Stanislaus County Superior Court's online case information report indicates a preliminary examination has been scheduled for August 10, 2009.